**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ANTONIO LESTER,

Plaintiff,

v. Case No. 2:25-cv-02789-MSN-atc

AMAZON,

Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Magistrate Judge Christoff's Report and Recommendation ("R&R") on Defendant Amazon's Motion to Dismiss, entered on August 5, 2026. (ECF No. 27.) Judge Christoff recommends that Amazon's Motion (ECF No. 17) be granted and this case dismissed. (*Id.*) Plaintiff Antonio Lester filed a timely objection (ECF No. 29), and Amazon responded (ECF No. 30). After review, the Court **OVERRULES** Mr. Lester's objection (ECF No. 29) and **ADOPTS** Judge Christoff's R&R (ECF No. 27). Accordingly, Amazon's Motion to Dismiss (ECF No. 17) is **GRANTED**, and this case is **DISMISSED**.

**BACKGROUND**

Mr. Lester filed a *pro se* Complaint, bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (ECF No. 2.) But the nature of his allegations suggested claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. (the "ADA"). For example, Mr. Lester alleged that (1) he is visually impaired, (2) he requested specific accommodations from Amazon on account of his visual impairment, (3) Amazon failed to

grant his requests for accommodations, and (4) Amazon terminated several visually-impaired employees before terminating him. Mr. Lester filed charges with the Equal Employment Opportunity Commission ("EEOC"), who issued a right-to-sue letter on April 29, 2025. Mr. Lester then filed this Complaint on August 6, 2025, including his right-to-sue letter as an attachment. (ECF No. 2-1.)

Amazon moved to dismiss on November 21, 2025, arguing that Mr. Lester's Complaint was time-barred because he filed it outside the ninety-day time-to-file window prescribed by 42 U.S.C. § 2000e-5(f)(1). (ECF No. 17.) In his response, Mr. Lester did not dispute the untimeliness of his Complaint; rather, he argued that the delay was due to circumstances outside his control. (ECF No. 19.)

Judge Christoff found that Mr. Lester's Complaint was time-barred because he filed his Complaint after the statute's ninety-day time-for-filing window and the Sixth Circuit's five-day grace period. (ECF No. 27 at PageID 277.) Judge Christoff construed Mr. Lester's response to the Motion to Dismiss as a request for equitable tolling of the statutory deadline. (*Id.*) However, Judge Christoff found that Mr. Lester's own filings belied his argument for equitable tolling. (ECF No. 27 at PageID 278.) Judge Christoff found that "at best, Lester has presented an instance of 'garden variety . . . excusable neglect,' which 'does not warrant equitable tolling." (*Id.*) After analyzing the remaining factors, Judge Christoff found that Mr. Lester was not entitled to equitable tolling. (*Id.* at PageID 279.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## ANALYSIS

Mr. Lester filed a timely objection to Judge Christoff's R&R. (ECF No. 29.) But nothing in his one-page letter can be construed to factually or legally dispute Judge Christoff's findings. He does nothing more than repeat the same tolling argument already considered by Judge Christoff. (*Id*. at PageID 280.) Because Mr. Lester merely restates the same argument presented to Judge Christoff, this Court reviews the R&R for clear error. *See Dolgencorp, LLC*, 277 F. Supp. at 954.

Having reviewed the R&R for clear error and finding none, this Court concludes that Judge Christoff correctly found that the Complaint was time-barred and that Mr. Lester's neglect did not warrant equitable tolling. Accordingly, Mr. Lester's objection (ECF No. 29) is **OVERRULED**.

## CONCLUSION

Judge Christoff's R&R (ECF No. 27) is **ADOPTED** in its entirety, and Amazon's Motion to Dismiss (ECF No. 17) is **GRANTED**. Because Mr. Lester's claims against Amazon are legally barred, they are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of September, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE